MATTHEW SORAN *et al.*

*v.*

COMMISSIONERS OF UNION DRAINAGE DISTRICT No. 1 *et al.*

*Opinion filed April 17, 1905.*

1. DRAINAGE—*when provision for abandonment of work does not apply.* Section 44 of the Levee act of 1879, providing for a petition by property owners to abandon the proposed work before the contract has been made, refers to the contract for the original system of drainage, and does not apply to additional work to drain lands not sufficiently drained by the original system, ordered done upon a petition filed under section 59 of the same act, prior to its amendment in 1903.

2. SAME—*when lands should not be organized into a sub-district.* The amendment of section 59 of the Levee act in 1903, (Laws of 1903, p. 162,) providing that when the special report of the commissioners upon a petition for additional drainage is confirmed the court shall declare the lands affected to be organized as a sub-district, has no application to a petition for additional drainage filed under said section prior to its amendment.

APPEAL from the County Court of Ford county; the Hon. H. H. KERR, Judge, presiding.

Union drainage district No. 1 of the townships of Pella and Brenton, in Ford county, Illinois, was organized under the act of May 29, 1879, for the construction of drains, ditches and levees for agricultural, sanitary and mining purposes. The district was fully organized, the assessment made, the contract let and most of the work completed. On October 27, 1902, the appellee John A. Montelius and three other land owners of the district made application to the commissioners for additional drainage, under the provisions of section 59 of the act. The commissioners proceeded to examine the land seeking additional drainage, and on January 26, 1903, made their report to the county court, in which a plan was laid out for the work, together with profiles and

specifications.  On February 16, 1903, the court entered an order confirming the report of the commissioners, and the territory requiring the additional work was called sub-district No. 1, and an assessment of the cost of the work was made.  On October 31, 1904, appellants filed a petition in the county court to abandon the proposed work.  This petition was filed before the contract for the work was let, and was signed by not less than two-thirds in number of all the land owners of sub-district No. 1, owning more than one-half of the lands assessed, whose aggregate assessments amounted to not less than one-half of the cost of the proposed work and all debts and expenses up to the time of filing the petition to abandon.  On November 16, 1904, three of the original petitioners moved to strike the petition to abandon from the files, and on December 5, 1904, the motion was allowed and the prayer to abandon denied.  From that order an appeal has been prosecuted to this court.

SCHNEIDER & SCHNEIDER, for appellants.

CLOUD & THOMPSON, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The only question presented for review here is the action of the court in striking the petition to abandon from the files. The appellants claim that under the provisions of section 44 of chapter 42 it was the duty of the court to order the work abandoned, while appellees claim that the section does not apply to conditions such as are presented in this record.

As above stated, the district was originally organized under the act of May 29, 1879.  The petition for the additional drainage was filed with the commissioners on October 27, 1902, under section 59 of chapter 42, (Hurd's Stat. 1899, p. 683,) which provides, in substance, that if, after an assessment of lands throughout the district has been made for the purpose of constructing the work laid off according to

the plans, etc., it shall appear to the commissioners, on application of some owner or owners of land, that additional ditches, etc., are needed to completely drain the lands of such owner or owners, it shall be the duty of the commissioners to examine and make additional plans and report to the county court, and upon a hearing the court shall determine the necessity of the work, costs, etc., and may order an assessment for the same. On May 13, 1903, an act was approved amending said section 59 by adding, that upon the confirmation by the court of the report of the commissioners recommending the work to be done, the court shall declare the lands found to be affected by the work proposed by said special report to be organized into a sub-district, and all assessments received and collected in such sub-district for the work of said sub-district shall be kept as a special fund in such sub-district. (Hurd's Stat. 1903, p. 738.) The petition for the additional drainage was filed before the amendment to section 59 was passed, but the order of the court named the territory described in the petition sub-district No. 1. This was mere surplusage, and not authorized by the statute then in force.

Section 44 of chapter 42 (Hurd's Stat. 1903, p. 729,) provides, that if, at any time before the contract for the construction of the proposed work shall have been made, upon presentation to the county court of a petition to abandon the work, signed by not less than two-thirds in number of all the land owners of such district owning more than one-half in area of lands assessed for benefits in the district to which the petitioners belong, whose aggregate assessment amounts to not less than one-half the cost of the proposed work and all debts and expenses incurred up to the time of filing, the court shall enter an order upon its records granting the prayer of such petition, upon certain conditions therein specified. The appellants claim that under the provisions of this section, upon the filing of the proper petition to abandon, the court had no discretion in the matter, but should have

dismissed the petition. We do not think this contention is sound. Section 44 is one of seventy-four sections composing the Drainage act of May 29, 1879. This act provides the successive steps for the establishing of a complete system of drainage, including the organization of the district, the appointment of the commissioners, the levy of the tax, the letting of the contract, etc. Section 44 provides a method of abandoning the work before the contract is let. The contract referred to in the section is the contract for the original ditch or system of drainage. It does not refer to additional work in order to drain lands which are not sufficiently drained by the original system. Section 59, before being amended, provided for the construction of additional ditches after the original assessment had been made, in order to afford complete drainage to lands not sufficiently drained under the original profiles, plans and specifications. If this petition for additional drainage had been filed before the original contract had been let another question would be presented, but as the original contract had been let before the petition for additional drainage was filed, section 44 did not apply.

Nor do we think the subdivision provided for in the amendment to section 59 applies to the case. At the time the petition for additional drainage was filed there was no provision for a sub-district, and that amendment, subsequently passed, could have nothing to do with it or the proceeding under it. We do not deem it necessary to here determine the effect of the amendment on future petitions for additional drainage, as that question is not involved.

We find no reversible error in the record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*